United States Court of Appeals
Fifth Circuit

**F I L E D**

June 6, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-10523
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADAN JOAQUIN SANCHEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-156-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Adan Joaquin Sanchez pleaded guilty to possession of cocaine with intent to distribute (Count 1) and carrying and possessing a firearm during and in relation to and in furtherance of a drug trafficking crime (Count 2). Sanchez conditioned his guilty plea on his reservation of his right to appeal the district court's denial of his motion to suppress evidence of the cocaine and firearm, which was discovered during a search of his car. He was sentenced to 60 months of imprisonment on each count, to run

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consecutively, four years of supervised release on each count, to run concurrently, and a $200 special assessment.

Sanchez argues on appeal that evidence of the cocaine and firearm should have been suppressed because police officers exceeded the scope allowed under the inventory exception to the search warrant requirement when they searched his car's air bag compartment without a warrant after a canine had alerted to that area of the car during the inventory search. He contends that after the canine alert, officers should have sought a search warrant to search the air bag compartment.

Because Sanchez did not raise this issue in his motion to suppress or at his suppression hearing, it is reviewed for plain error. See United States v. De Jesus-Batres, 410 F.3d 154, 158 (5th Cir. 2005), cert. denied, 126 S. Ct. 1022 (2006). Sanchez has not provided any authority addressing the issue of whether police must obtain a warrant to search for contraband if probable cause to conduct such a search arises during an inventory search. Therefore, Sanchez has not shown that the district court made an error that was clear under the law at the time of the trial, and thus he has not shown that the district court plainly erred in denying his motion to suppress. See United States v. Hull, 160 F.3d 265, 271 (5th Cir. 1998).

AFFIRMED.